Filed 10/9/25  P. v. School CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Nevada)

----

| | |
|---|---|
| THE PEOPLE, | C100928 |
| Plaintiff and Respondent, | (Super. Ct. No. CR0000775) |
| v. | |
| MICHAEL CHARLES SCHOOL, | |
| Defendant and Appellant. | |

The People charged defendant Michael Charles School with a single count of offering a false document for filing.  Before trial, defendant moved to have appointed counsel replaced and on multiple occasions waived his right to counsel.  Ultimately, the trial court found that his waiver was voluntary, knowing, and intelligent.  Defendant proceeded to trial without counsel, the jury found him guilty, and the court suspended the imposition of sentence and placed him on two years of formal probation.  The maximum sentence he could have received was three years in prison.  (Pen. Code, §§ 115, subd. (a), 18, subd. (a).)

Represented by counsel on appeal, defendant now contends the trial court erred by allowing him to represent himself.  He argues the court "failed to ensure that [he]

understood the dangers of self-representation."  (Boldface omitted.)  We disagree and affirm.[1]

BACKGROUND

In March 2023, several months after the People charged him with offering a false document for filing, defendant filed a form advisement and waiver of the right to counsel (*Faretta* form).[2]  The *Faretta* form identified defendant's constitutional rights, including the right to counsel and the right to self-representation, the "dangers and disadvantages to self-representation," (capitalization omitted) and the trial court's advice and recommendation against self-representation.

Defendant checked the boxes on the *Faretta* form to indicate he understood his right to a speedy jury trial and his right to self-representation.  He also indicated that he graduated from high school, previously represented himself in a criminal matter, knew the facts the People were required to prove to convict him (though he did not know the charges against him), and knew his legal defenses.

The first sentence of paragraph 11 in the *Faretta* form reads:  "I understand all that I have read and all that the Court has told me."  Defendant crossed out the words "I understand" and wrote "I do not understand."  In the space marked "DEFENDANT'S SIGNATURE," defendant crossed out the word "DEFENDANT" and wrote "counter-claimant," he also printed his name above the signature line.

---

[1] In a footnote, appellate counsel notes that defendant adheres to the "sovereign citizen" ideology.  Sovereign citizens are "a group whose members 'believe they don't have to answer to any government authority . . . .' "  (*Severson & Werson, P.C. v. Sepehry-Fard* (2019) 37 Cal.App.5th 938, 943.)  Appellate counsel is "not argu[ing] on appeal that [defendant's] sovereign citizen ideology, by itself, was sufficient to overcome his constitutional right to self-representation" but "to the extent [defendant's] beliefs played a role, they prevented the court from determining whether he understood the dangers of self-representation necessary for a knowing and intelligent waiver."

[2] *Faretta v. California* (1974) 422 U.S. 806 (*Faretta*).

On April 5, 2023, the trial court (the Honorable Linda J. Sloven) relieved the public defender and appointed new counsel for defendant. Eight days later, defendant himself filed a declaration with the court saying counsel was appointed without his "express consent." Defendant argued the appointment was a "waiver" of his rights and he did "not consent to any of this." He further argued, "I have challenged jurisdiction each time the case is called and been ignored. The only choice I am allowe[d] is to sign a Faretta Waiver suspending my rights under the Constitution and enter a plea as a defendant and [I] do not consent as I am not bound to this simulation of legal process as an American National."

On April 17, 2023, defendant himself filed a declaration in the trial court in which he declared, "i man, evoke common law; i require a 'court of record; trial by jury.'" (*Sic.*) He sought "the immediate discharge" of the pending criminal case. Defendant identified himself in the signature line of his declaration as "Michael-Charles" "ConsumerinFactasaman." Defendant attached a document titled "Entry of Plea," claiming he "does not plead." (Capitalization omitted.) In this document, defendant identified himself as a "Defendant in Error."

On August 1, 2023, following the preliminary hearing, defendant pled not guilty to offering a false document for filing. He waived his right to a speedy trial and the matter was set for a settlement conference. Two weeks later, defendant himself filed a declaration purporting to withdraw his time waiver and demanded his "Right to a speedy trial be upheld." Then, on August 29, 2023, defendant himself filed a declaration purporting to "fire the Court Appointed Public Defendant for a denial of Effective Assistance of Counsel in violation of Gideon v. Wainwright."

On October 2, 2023, defendant, through counsel, moved the trial court to dismiss the count pursuant to Penal Code section 995. The court denied the motion. Several days later, the trial court (the Honorable Candace S. Heidelberger) heard defendant's motion

for new counsel pursuant to *People* v. *Marsden* (1970) 2 Cal.3d 118. The court denied the motion and confirmed trial for October 31, 2023.

The parties appeared before the trial court (the Honorable Christopher Chandler) for a trial readiness conference on October 23, 2023. Counsel indicated defendant wanted to waive his right to counsel and represent himself. The court advised defendant he would need to fill out a "Faretta waiver form" and asked him several questions: "Do you know how many peremptory challenges you have in this case?

"THE DEFENDANT: No.

"THE COURT: Do you know what a challenge for cause is?

"THE DEFENDANT: No.

"THE COURT: Do you know what an affirmative defense is?

"THE DEFENDANT: Yes.

"THE COURT: So, here's one of my wild analogies. A person may be a perfectly great baseball player and understand the rules for professional baseball. Yet, if they suddenly get the call to go play professional basketball, there's a whole new bunch of rules they're going to have to learn. They're going to be subject to a foul as called by the ump, and it's up to them to know what a foul is and what a foul isn't.

"If you're representing yourself, you're going to need to know what a peremptory challenge is and what a challenge for cause is. You're going to have to know how many peremptory challenges you've got. You're going to have to make sure that your affirmative defense is one that's recognized under the law. You're going to have to know which jury instructions define the crimes that you're charged with and what would define what your affirmative defense is.

"If the District Attorney goes -- excuse me. Let me put a period on that. You're going to have to understand that you are not going to get any help from the judge, because the judge is forbidden by law to offer help either to the Prosecution or the

4

Defense.  Now, this is listed on the Faretta form, but I just want to do this out-loud version.

"The next general thing that needs to be understood by you.  You're not going to get any special treatment because you're representing yourself.  If you're trying to get evidence in before the Court and the DA makes a proper objection, the judge is going to rule based on the offer of proof and the objection in the evidence code.  If you had an attorney there might be a way that you could get the evidence in without an objection.  But if you can't figure that out on your own and the Court sustains the objection, your evidence is not coming in.

"Likewise, if the DA should try to get in evidence that a proper objection would keep out, the judge can't give a nod or a nudge or send you a note saying, 'Hearsay.'  You know, if the DA tries to get it in and you don't object, it's coming in.  NBA rules.  Okay.  You're a baseball player.  You may know lots of things about whatever your profession is, but you're going to have to learn the evidence code.  You're going to have to learn everything if you represent yourself.  Do you understand what I've just said?

"THE DEFENDANT:  I comprehend it, sir.

"THE COURT:  Okay.  Are you telling me that you still want to give up your Constitutional right to be represented by counsel and represent yourself?

"THE DEFENDANT:  That's kind of the issue.

"THE COURT:  Well, it's either a yes or a no.  This is what we're getting into.  I didn't ask if this was an issue.  I asked if you understand it.  Do you understand it?

"THE DEFENDANT:  There's a formatting issue on the form.

"THE COURT:  See, that's non-responsive to the Judge's question.  Whether you were a lawyer or representing yourself, you're going to get in trouble fast. . . .  Do you understand your Constitutional right to be represented by an attorney?

"THE DEFENDANT:  I comprehend.

"THE COURT:  Do you give up your right to be represented by an attorney?

5

"THE DEFENDANT: Yes.

"THE COURT: Is this your signature on this form?

"THE DEFENDANT: Yes. . . .

"THE COURT: [D]id you fill out this form . . . ?

"THE DEFENDANT: Yes, I did.

"THE COURT: Is that your signature on the form on Page 2 . . . ?

"THE DEFENDANT: It's my autograph, yes.

"THE COURT: You're asking that I accept this form and relieve Counsel, and you'll be representing yourself after this. Correct?

"THE DEFENDANT: Yes."

Defendant waived his right to a speedy trial and the court vacated the trial date. The court found defendant made a knowing, intelligent, and voluntary express waiver of his right to be represented by counsel and granted defendant's motion to represent himself.

Consistent with its decision to grant defendant's motion for self-representation, the trial court signed the *Faretta* waiver form previously executed by defendant.

The *Faretta* waiver form identified defendant's constitutional rights to counsel, to a speedy trial, to subpoena witnesses and records, to confront and cross-examine witnesses, against self-incrimination, and to self-representation. Defendant checked the boxes indicating he can read and write English, he was not suffering from mental illness or disability, and he had not recently consumed drugs or alcohol. Defendant also represented that he had a high school education and had no legal training but previously represented himself in a criminal case and won.

In the *Faretta* waiver form, defendant also checked the box to say he knew "the facts that must be proven" to find him guilty of the crime charged and he knew the legal defenses. Defendant checked the box indicating he did not know the maximum possible punishment for his crime, but he also handwrote "3 years state prison" in the space made

6

available for the maximum possible punishment. Defendant also checked the box indicating that he did not know "the other possible consequences of being convicted in this matter."

The *Faretta* waiver form included a list of the dangers and disadvantages to self-representation, including a warning that, if defendant were convicted, he would not "be able to appeal on the ground that [he] did not have a lawyer or that [he] was not competent to represent" himself. Defendant signed the form under penalty of perjury, indicating he "read this entire form," understood "all the warnings," and still wanted to represent himself. The fully executed *Faretta* waiver form was filed in the trial court.

On February 9, 2024, the prosecutor told the trial court (the Honorable Richard D. Meyer) that defendant "sent many concerning emails" to the prosecutor's office; she asked the trial court to "reevaluate [defendant's] pro per status based on competency." Defendant responded: "Sir, I'm not in pro per. I'm in propria persona sui juris as a man on the land." The prosecutor explained that defendant was demanding a witness be present for trial and expected the prosecutor to subpoena the witness. The witness was not available, and the prosecutor expressed concern the case would "come back on appeal, because he's not represented by counsel and he doesn't seem to understand everything that's happening."

The court explained to defendant it was not the prosecutor's job to subpoena witnesses for defendant. If, as defendant argued, the witness was critical for the defense, defendant could ask for a continuance, but defendant did not want to waive time. The court explained further: "But you understand [the witness] -- you haven't subpoenaed him, so he won't be there.

"THE DEFENDANT: I don't understand. I'm an idiot.

"THE COURT: Well, whether you're an idiot or not is not really relevant, other than maybe as to your competency.

7

"THE DEFENDANT:  It is, sir.  An idiot is not allowed entry into the United States.  I'm not a United States citizen.  I'm an American national.  That's why I haven't crossed the bar (unintelligible) - -

"THE COURT:  All right.  Do you believe that you're competent to -- you understand the legal system, and you feel competent to represent yourself in his matter?

"THE DEFENDANT:  I do not require representation as a man.  I'm not a corporate entity.  I'm in propria persona, not in pro per or pro se.

"THE COURT:  Whatever label you want to put on it, you're indicating you do not want legal counsel to represent you --

"THE DEFENDANT:  No.

"THE COURT:  -- is that correct?

"THE DEFENDANT:  That's correct, yes.

"THE COURT:  Do you understand how the trial process works?

"THE DEFENDANT:  Yes.  But I would --

"THE COURT:  Slow down.  Slow down.

"THE DEFENDANT:  I would accept assistance of counsel if it was unfettered, but the assistance that was provided was fettered and they denied my due process rights.

"THE COURT:  What do you mean by 'fettered'?

"THE DEFENDANT:  'Fettered' means -- unfettered counsel means no conflict of interest, not a member of the bar.

"THE COURT:  Why would being trained in the law make you fettered?

"THE DEFENDANT:  I did a filing this morning on that, sir.  I would serve you, but Judge Babineau said that if I file it in the record it's service (*sic*) on the judge. There's more than one venue in this court.  This is -- I'm entitled to an Article III court of record, compliant with Article IV, Section 4 of the Federal Constitution and this court is a corporate entity.

"THE COURT:  So, it's a corporate entity.  Who cares?

8

"THE DEFENDANT: Under the -- if you're a corporate entity you're bound under the Clearfield doctrine, and we're of equal standing. Because the government descends to the level of a mere private corporation under the Clearfield doctrine." The court advised defendant it could not "appoint somebody who doesn't have a law degree."

The trial court asked defendant if he had "any legal background whatsoever" and defendant said he studied "common law and statutory law for eight years." The court continued: "Do you understand how the trial process works, and if so would you explain that to me?

"THE DEFENDANT: I don't understand anything. I understand the trial process that the -- I'm entitled to trial by jury, not jury trial. Which the Prosecutor's having a jury trial in violation of the California Constitution.

"THE COURT: Okay.

"THE DEFENDANT: I have case law. It's -- I think the case is Kitts vs. Nevada County (*sic*) where the jury is de jure. I also have a court case decree from this court that I'm one of the people --

"THE COURT: Slow down.

"THE DEFENDANT: -- as the de jure --

"THE COURT: Slow down.

"[¶] . . . [¶]

"THE DEFENDANT: Sir, I agree to cross the bar if you agree that the Court recognizes that I don't -- that I retain all my rights and don't waive any.

"THE COURT: I'm sorry. I missed the purpose. Again, slow down your speech. Slow it down.

"THE DEFENDANT: I agree to cross the bar if the Court recognizes that I retain all rights and waive none. So she can hear me clearly.

"[¶] . . . [¶]

"THE COURT: When you say, you agree to 'cross the bar,' you mean come forward? Is that what you're saying?

"THE DEFENDANT: Into the ship's well. Right now I'm in the United States of America. That's the ship's well in admiralty. I know there's a law difference, so we could get a contract.

"THE COURT: Can you explain to me -- do you have any knowledge of the rules of evidence in a court trial -- in a jury trial?

"THE DEFENDANT: I've read a lot of the rules of evidence, but I'm also aware that common law is superior to statutory law. That if the jury is de jure they would have to -- they would have to operate within this court under the 1849 Constitution which is de jure. Not the 1879 Constitution, which is de facto.

"THE COURT: What I'm understanding is you don't have any formal legal training. Is that correct?

"THE DEFENDANT: I am not a bar guild member, no.

"THE COURT: You believe that you understand the common law?

"THE DEFENDANT: I don't understand anything. I'm an idiot in this court. I comprehend though.

"THE COURT: All right, Well, the Court would -- these are complicated matters, and these are very serious charges. I want you to be able to put forth a defense -- a meaningful defense. I don't want you to come in here and be blindsided because of your lack of understanding of how the legal process works. This is -- you know, you could be looking at a felony conviction which could put you in state prison. I don't want that to happen to you because of your lack of knowledge of the legal system.

"THE DEFENDANT: If you appoint me counsel that's a waiver of rights, and I'll be civilly dead in contract in the eyes of the law.

"THE COURT: [Defendant], I hope you understand I'm trying to preserve your rights. Because these are very serious charges, [and] I don't believe that you're competent to represent yourself in this matter.

"THE DEFENDANT: Sir, I did file an affidavit in preservation of Constitutional rights in the court that hasn't been addressed. I am fully competent. If the Court doesn't honor that, that's a fraud upon the court in violation of Brady v. Maryland (*sic*) under color of law.

"THE COURT: I understand that that is your position. I understand thoroughly that that is your position. But based upon my discussion with you today, I don't believe that you're competent to represent yourself in this matter. I understand your concerns about that. So, the Court would appoint counsel to represent you and assist you in this matter. I know that's over your objection . . . .

"THE DEFENDANT: That's fraud. They've brought in a traveling mason judge. Where's Judge Babineau, the appointed fiduciary?"

Defendant continued: "I'm going to do a notice of removal to federal court. This is fraud.

"THE COURT: I understand that you object. The record should reflect unequivocally that [defendant] does not agree with what I'm doing. He thinks it is a violation of his Constitutional rights. He thinks that -- that this is a further delay that is unwarranted.

"THE DEFENDANT: It's not a delay. It's fraud and treason.

"THE COURT: It's treason. It's fraud. I understand that's your position. But the Court will continue the trial to February the 27th and appoint counsel." After selecting additional dates, defendant said, "[y]ou guys are all traitors to America. Reap the whirlwind, traitors. Especially you bailiffs."

The parties appeared before the trial court (the Honorable Kelly Babineau) on February 16, 2024. Judge Babineau addressed defendant directly: "So I was not here last

11

Friday, but I understand a different judicial officer took some specific action in this case. [Defendant], I'd like to have a further conversation with you as that judicial officer was a visiting judge and is not here today and is not as well acquainted with your case as I am.

"Let me start with, [defendant], are you still requesting to represent yourself?

"THE DEFENDANT:  I would like to remain in propria persona sui juris.

"THE COURT:  Well, I'm taking that to mean that you are asking to represent yourself.

"I did read the transcript from the last hearing.  There were some comments made by you that I think caused the judicial officer to have some concern about your ability to represent yourself.  So I need us -- I need to have a conversation with you to make sure that you can do that.  Okay?

"THE DEFENDANT:  Okay.

"THE COURT:  All right.  I understand that you have had some education, correct?  Okay.  And I think in fact, in the transcript I read that you've actually had some legal education.  Have you studied the law for some period of time?

"THE DEFENDANT:  For several years, but not formally through school.

"THE COURT:  Okay.  You can read and write, correct?

"THE DEFENDANT:  Yes.

"THE COURT:  Okay.  And do you have any inability to understand the English language?

"THE DEFENDANT:  I don't have an ability to not understand as long as it's plain English and not legalese.

"THE COURT:  So here's the thing, [defendant].  If you are asking to represent yourself, then regardless of how poor you might do at that, I have to hold you to the same standard as I would any other attorney.  And that means that you have to follow the rules that this court uses.  You have to follow the laws that this court uses.  We won't be using

12

the common law rules that you filed requests for or anything else.  You have to be able to follow the rules that this court uses.  Will you be able to do that?

"THE DEFENDANT:  I can try.

"THE COURT:  Okay, when we are in trial, you won't be able to sit back there. You will have to sit at counsel table.  Do you understand that?

"THE DEFENDANT:  I comprehend that, yes.

"THE COURT:  Okay.  Great.  All right.  Okay.  So I am going to vacate the former court's ruling finding [that defendant was not] . . . competent to represent himself. And I will just state on the record that I think that the prior visiting judge had a not as in-depth understanding of this case because he was a visiting judge, and that perhaps things got a little off the rails.

"I recognize [defendant] has a fundamental constitutional right to represent himself, and I am prepared to respect that and allow you to do that."

The prosecutor raised his own concerns that defendant may not be able to abide by the trial court's rules and procedures.  The court acknowledged those concerns:  "I appreciate the comments.  And I understand why those concerns were raised.  I'm keenly aware of the law in this area because I just recently had to do a deep dive into it for a different case.  And the law is very clear that the Court cannot impose on this right based upon a belief that the defendant may do a poor job representing themselves.  It can only prevent a person in representing themselves if they have reliable evidence that demonstrates that the defendant has a failure of being able to understand the process and participate in the process.  And I believe [defendant] can understand and participate in the process."

The parties discussed with the court trial dates, including dates for motions in limine.  Defendant then moved the court to compel the People to produce "all discovery" and the court ordered the People to provide all discovery to defendant "free of charge." The matter went to trial and the jury found defendant guilty.  The court suspended the

13

imposition of sentence and placed defendant on two years of formal probation. Defendant timely appeals.

DISCUSSION

Defendant represented by counsel on appeal contends his waiver of the right to counsel was not knowing or intelligent because the trial court failed to ensure he knew the risks of self-representation before granting his motion to waive the right to counsel. We disagree.

### A. Legal Principles

" 'A knowing and intelligent waiver of the right to counsel is required before a criminal defendant is allowed to represent himself. [Citation.] The defendant should be made aware of the dangers and disadvantages of self-representation so the record shows he is making an informed choice with his eyes wide open. [Citation.] The purpose of this requirement is to determine whether the defendant in fact understands the significance and consequences of his decision and whether that decision is voluntary. . . . [W]e examine the record as a whole to determine whether the defendant understood the disadvantages of self-representation, including the risks and complexities of his case.' " (*People v. Orosco* (2022) 82 Cal.App.5th 348, 363 (*Orosco*).)

"On appeal the test is not whether specific warnings or advisements were given." (*Orosco*, *supra*, 82 Cal.App.5th at p. 363.) "[T]echnical legal knowledge is irrelevant to whether he or she is competent to waive the right to counsel." (*People v. Best* (2020) 49 Cal.App.5th 747, 758.) "The 'critical question is not whether a self-represented defendant meets the standards of an attorney, or even whether a defendant is capable of conducting an effective defense. Instead, [our high court has] accepted that the cost of recognizing a criminal defendant's right to self-representation may result " 'in detriment to the defendant, if not outright unfairness.' " [Citation.] But that is a cost we allow defendants the choice of paying, if they can do so knowingly and voluntarily.' " (*Id*. at p. 757.)

14

"The question whether the defendant's assertion of the right to self-representation and waiver of the right to counsel was knowing and intelligent is reviewed de novo." (*Orosco*, *supra*, 82 Cal.App.5th at p. 358.)

B. *Analysis*

Here, defendant "was made aware of the dangers and disadvantages of self-representation" and "understood the significance and consequences of his decision." (*Orosco*, *supra*, 82 Cal.App.5th at p. 363.) Defendant executed two written *Faretta* waiver forms acknowledging the dangers of self-representation. The *Faretta* waiver forms included a list of defendant's constitutional rights and explicit warnings that, by waiving counsel, defendant would be precluded from appealing his conviction on the ground that he did not have counsel or was not competent to represent himself. Defendant also acknowledged in his own writing that he faced a maximum sentence of three years if convicted of the charge pending against him. The court confirmed defendant read the *Faretta* waiver forms and signed them. Additionally, defendant's request for self-representation was unequivocal, and he had a " 'strong desire to represent himself.' " (*Orosco*, *supra*, 82 Cal.App.5th at p. 364.)

The trial court also conducted multiple hearings to address defendant's desire to waive counsel. At each of those hearings, the trial court advised defendant he would have to follow the rules of court. The court specifically mentioned the rules of evidence and advised defendant that it was his burden to produce witnesses for his defense. The court (through multiple judges) warned defendant he would be at a disadvantage if he did not have counsel, and both explicitly and implicitly advised defendant against representing himself. Defendant remained steadfast -- he did not want to be represented by a member of the State Bar.

Defendant nevertheless contends on appeal that the trial court failed to ensure that he understood the court's warnings against self-representation. Specifically, defendant argues that although his sovereign citizen ideology itself does not render him

15

incompetent, his beliefs "prevented the court from determining whether he understood the dangers of self-representation." We are not persuaded.

Defendant identifies as a member of the sovereign citizen movement, and he conducted himself in the trial court in adherence to the sovereign citizen ideology. But his adherence to that ideology did not demonstrate a failure to understand the dangers of self-representation. Instead, defendant prepared and filed numerous declarations in the trial court without the assistance of counsel, went to trial by himself, and secured a probationary term. In so doing, defendant demonstrated he knew our legal system, how to operate within it, and that he was unequivocal in his desire to participate without counsel.

In sum, based on our independent examination of the record, we conclude defendant's waiver was knowing, intelligent, and voluntary.

## DISPOSITION

The judgment is affirmed.


_/s/_____
MESIWALA, J.

We concur:


__/s/_____
MAURO, Acting P. J.


__/s/_____
BOULWARE EURIE, J.


16